IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANNA MAREK, ) | |
| ) | 8:08CV31 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the motion of Dianna Marek ("plaintiff") for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Filing No. 25. Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge ("ALJ") and ordering the defendant to award the plaintiff benefits. Filing Nos. 23 and 24. Thereafter, plaintiff filed this motion for attorney fees with an accompanying declaration and supporting documents. Filing No. 25. Plaintiff's attorney, Timothy J. Cuddigan, requests compensation for 32.6 hours of attorney time, for a total of $5,725.37. The defendant filed a response stating that it does not object to the award of attorney fees or the amount requested. Filing No. 30.

"The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citing 28 U.S.C. § 2412(d)(1)(A)). To

establish substantial justification, the Commissioner must show the denial had a "reasonable basis in law and fact." *Id.*; *Pierce v. Underwood,* 487 U.S. 552, 563-64 (1988). The Commissioner has the burden of proving substantial justification. *Goad*, 398 F.3d at 1025.

After carefully reviewing the record, the itemized amounts set forth by counsel, and the declaration of plaintiff's attorney, Timothy J. Cuddigan, the court concludes the requested 32.6 hours of work spent on this case is reasonable. *See* Filing No. 25, Attachments 1 & 2. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. This court's previous order granted the plaintiff's motion to reverse the ALJ's final decision. *See* Filing No. 23. The court hereby finds that the position of the Commissioner was not substantially justified. 28 U.S.C. § 2412(d)(1)(A)). The court further finds that no special circumstances existed that would make this award unjust. *Id*.

Accordingly, where the plaintiff is a prevailing party, the court finds that an award of attorney fees in the amount of $5,725.37 is reasonable and warranted. *Ratliff v. Astrue,* 540 F.3d 800, 802 (8th Cir. 2008) (holding that "EAJA attorneys' fees are awarded to prevailing parties' attorneys.").

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 25, is granted. Plaintiff's attorney, Timothy J. Cuddigan, is awarded attorney fees in the amount of $5,725.37.

DATED this 2nd day of July, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge